IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRADLEY BARTLETT, an individual, and BARTLETT EXCAVATION LLC, an Oregon Limited Liability Company,<br><br>                Plaintiffs,<br><br>     v.<br><br>CROOK COUNTY, OREGON, a political subdivision, PENNY KELLER, WILLIAM ZELENKA, DAVID GORDON and SCOTT COOPER,<br><br>                Defendants. | CV 07-716-SU<br><br>OPINION AND ORDER |

REDDEN, Judge:

      On December 10, 2008, Magistrate Judge Sullivan issued a Findings and Recommendation (F&R) (doc. 78) that defendants' Motion for Summary Judgment (doc. 47) against all claims asserted by plaintiffs should be granted. Defendants filed timely objections to many of the magistrate judge's factual findings and her ultimate recommendation.

1 - OPINION AND ORDER

When any party objects to any portion of the magistrate judge's F&R on a dispositive motion, the district court must make a de novo determination of that portion of the magistrate judge's report. 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b). United States v. Bernhardt, 840 F.2d 1441, 1444 (9th Cir. 1988). As to any portion of the F&R to which no objection is made, the district must review de novo only the legal principles applied by the magistrate judge. Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The issue is whether the evidentiary record establishes there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law on all or some of plaintiffs' claims.

For the reasons that follow, I adopt most but not all of Magistrate Judge Sullivan's Findings and Recommendations. Accordingly, defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**.

## Background

In this action removed from state court, plaintiffs assert a federal civil rights claim under 42 U.S.C. § 1983 against all defendants except Crook County and the following common law claims that are subject to Oregon law: Interference with Contract and Interference with Economic Advantage against all defendants; fraud against defendants Crook County and Keller; and negligent supervision against defendants Crook County (County), Zelenka, and Cooper.

Plaintiffs were hired by a developer to build a road in a housing subdivision in Crook County. Plaintiffs allege defendant Keller, as Crook County Roadmaster, arbitrarily and capriciously required plaintiffs to comply with inappropriate and inapplicable road construction standards for the road. Plaintiffs allege that after they finished road construction, Keller filed an affidavit with the Crook County Recorder falsely stating that the road "had not been inspected by [her] department for, and may not be in, compliance with Crook County Road Standards." Pls. Ex. 1. Keller advised purchasers to "carefully review the road" to determine if it was "adequate for the purchaser's use." Id. Plaintiffs also allege defendant Gordon, as Crook County legal counsel, assisted Keller in drafting the affidavit, and defendant Crook County Judge Cooper[1] and defendant Zelenka, Crook County's Planning Director, supervised Keller's job performance.

## Summary Judgment Standard

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. Id.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarmo v. Aloha Island Air, Inc., 281 F.3d

---

[1] As Crook County Judge, Judge Cooper is also the County's Chief Executive Officer and Presiding Officer of the governing body.

3 - OPINION AND ORDER

1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* A mere disagreement about a material issue of fact, however, does not preclude summary judgment. Jackson v. Bank of Haw., 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1147 (9th Cir. 1998) (citation omitted).

## Discussion

Plaintiffs' overarching objections to the magistrate judge's F&R are (1) she improperly placed the burden of proving the existence of a genuine issue(s) of material fact as to each claim on plaintiffs rather than requiring defendants initially to present evidence to show the absence of any such issues, and (2) she did not draw all reasonable inferences in favor of plaintiffs.

**1.    Common Law Claims - Exhaustion of Administrative Remedies.**

The County asserts the court lacks subject-matter jurisdiction over plaintiffs' common law claims because plaintiffs failed to exhaust administrative remedies, which required review of the County's conduct by the State Land Use Board of Appeals. The magistrate judge rejected this jurisdictional argument because the County's conduct did not involve a land use decision. The County did not object to this ruling. I have reviewed the legal principles involved and find no error. Accordingly, I **adopt** the magistrate judge's recommendation and **deny** the County's summary judgment motion as to subject matter jurisdiction.

4 – OPINION AND ORDER

**2.      Common Law Claims - Proper Party Defendant.**

Plaintiffs concede the County is the only proper defendant on all common law claims. Accordingly, I **adopt** the magistrate judge's recommendation and **grant** summary judgment to all individual defendants on all common law claims.

**3.      Common Law Claims - Intentional Interference with  Contract**
                              **Intentional Interference with Economic Advantage**

Plaintiffs allege the County intentionally interfered with their ongoing and future business relationships by filing the Keller affidavit, which described the lack of any inspection and purportedly questioned the adequacy of the road plaintiffs built in the housing subdivision.

To prevail ultimately on both claims, plaintiffs must prove that the Keller affidavit was intentionally filed for an improper purpose or by use of improper means. Northwest Nat. Gas. Co. v. Chase Gardens, Inc., 328 Or. 487, 498 (1999). The magistrate judge recommends summary judgment in favor of the County because there is insufficient evidence to create a genuine issue of material fact as to each of the necessary elements of these claims. F&R. at 16.

Plaintiffs contend I should reject the recommendation because the magistrate judge improperly shifted to them the burden of presenting evidence to support these claims rather than requiring the County to present evidence sufficient to establish the absence of genuine issues of material fact, as required by Fed. R. Civ. P. 56(e)(2).

The County presented evidence that the County initially approved tentative road construction plans before construction began, but final plans were not submitted to the

County for approval before the construction was completed, and Keller did not learn of the road construction until after it was completed. The County learned the road grade exceeded the 6% recommendation previously approved by the County Planning Commission and that no request was ever submitted to the Planning Commission for a change in the road grade standards. In order to allow a variance to the 6% grade recommendation, Keller signed an affidavit prepared by defendant Gordon in his capacity as County Counsel that the road had not been inspected and that there was doubt as to whether the road complied with county road standards.

    a. <u>The County's Purpose in Filing the Keller Affidavit</u>.

The only probative evidence as to the County's purpose for filing Keller's affidavit is defendant Judge Cooper's deposition testimony that the affidavit was filed to protect the County because the road built by plaintiffs exceeded the 6% grade requirement approved by the County Planning Commission. In addition, Judge Cooper testified the affidavit was intended to provide a "<u>caveat</u> <u>emptor</u>" (buyer beware) warning to potential buyers in the subdivision to consider "whether the condition of the road surface and topography is adequate for the purchaser's use." Pl.s' Ex. 3, pt. 2, Cooper dep. at 119, lines 4-18. Judge Cooper was not aware of another circumstance in which an affidavit of this kind was filed on a construction project. <u>Id.</u> at 114, lines 6-8. Plaintiffs have not presented any evidence to rebut the County's evidence as to the purpose of the affidavit and I agree with the magistrate judge that no genuine issue of material fact is raised that the County's purpose was improper.

      b.  <u>The Means Used by the County</u>.

Plaintiffs contend the means used by Crook County to protect itself, <u>i.e.</u>, filing the Keller affidavit, was improper, because Keller's statements in the affidavit that she had inspected the roads in the subdivision and they were not in compliance with Crook County Road Standards were knowingly false. Plaintiffs presented evidence from a witness who saw Keller on the site and thought she was inspecting it. Plaintiffs also contend the magistrate judge omitted to find that the County Fire Marshall Chief Executive approved the road despite the statement in Keller's affidavit that the road did not comply with the County's Road Standards.

Keller agreed she visited the subdivision before filing the affidavit, but testified it was not an "official inspection" and she did not perform a final road inspection. The magistrate judge, however, stated, in addressing plaintiff's separate fraud claim, that the "Keller affidavit was not entirely inaccurate when viewed with other evidence." That statement, at a minimum, suggests the magistrate judge had concerns as to whether some part of the affidavit might, in fact, be inaccurate. F&R at 17. The accuracy of the statements Keller made in her affidavit go to the heart of plaintiffs' allegations that the County used improper means, <u>i.e.</u>, false statements to interfere with their business relationships.

On this record, I conclude a genuine issue of material fact exists as to the accuracy of Keller's' statements. A reasonable jury might find that the filing of an affidavit containing inaccurate statements was an improper means to question plaintiffs' compliance with County road building requirements.

7 – OPINION AND ORDER

c. <u>Intent</u>.

Plaintiffs contend that when the evidence relating to the County's purpose and means is considered in the light most favorable to them, it establishes that a genuine issue of material fact exists as to whether the County intended to file the Keller affidavit, knowing that the affidavit would severely hamper or destroy the subdivision's commercial potential and harm his relationships with other developers.

The issue of intent is normally a jury issue. <u>American Ad. Mgt., Inc. v. GTE Corp.</u>, 92 F.3d 781, 789 (9th Cir. 1996). On this record, and for the reasons stated above, I conclude that, when viewed in the light most favorable to plaintiffs, if there are misstatements in the Keller affidavit, a jury could conclude the County knew of the misstatements, were aware of the damaging impact of the statements on plaintiffs' business and, thus, intended to harm plaintiffs' business.

Accordingly, I **reject** the magistrate judge's recommendation and **deny** summary judgment to defendant County as to these claims.

**4.    Common Law Claim - Fraud.**

Plaintiffs allege the County defrauded them by filing the Keller affidavit. Under Oregon law, plaintiffs' fraud claim requires proof that plaintiffs relied on a false statement made to them by Keller to their detriment. <u>Musgrave v. Lucas</u>, 193 OR. 401, 410 (1951). An exception to this rule allows a third party to bring a fraud action under certain circumstances if the third party is a member of a protected class and is injured as a result of the misrepresentation to someone else. See <u>Handy v. Beck</u>, 282 Or. 653, 663-65 (1978).

8 – OPINION AND ORDER

There is no evidence that plaintiffs relied on the Keller affidavit to their detriment and the Handy exception does not apply because third parties have not asserted claims or claimed injury as a result of information in the Keller affidavit.

Plaintiffs do not challenge these findings but instead argue the magistrate judge "miscontrued" plaintiffs' fraud claim. They assert that, for purposes of the fraud claim, the alleged misrepresentation was not the information in the Keller affidavit but, instead, was defendants' representation to plaintiffs "that approval of the plat at Lake Ridge would be forthcoming . . . ." Pls.' Obj. to F&R at 9 -10. Plaintiffs' argument, however, fails because Plaintiffs' fraud claim specifically identifies the Keller affidavit as the source of the false information on which the fraud claim is based. Plaintiffs allege:

> Defendant Keller's statement (sic) made in her September 6, 2006, affidavit are material, false, and were made with knowledge of the falsity, and with an intent to injure plaintiffs. Defendant Keller intended that those persons receiving such statements rely upon those statements. The persons receiving those statements had the right to rely upon them, and did so rely upon Keller's statements.

Second Am. Compl., ¶ 17. The magistrate judge did not misconstrue plaintiffs' fraud claim as it was pled.

On this record, I conclude the magistrate judge did not err in recommending summary judgment in favor of the County on this claim. Accordingly, I **adopt** the recommendation and **grant** summary judgment to defendant County.

**5.     Common Law Claim 4 -  Negligent Supervision**.

Plaintiffs allege defendant County, through Zelenka and Judge Cooper, negligently failed to supervise Keller in the course of her dealings with plaintiffs "in a

9 – OPINION AND ORDER

manner that would have prevented Keller's wrongful conduct against plaintiffs and the attendant damages." Second Am. Compl., ¶ 21. The County moved for summary judgment on the ground such claims generally arise when employees commit criminal violations and have been rejected against public bodies.

The magistrate judge found plaintiffs failed to present any facts that County officials were aware of any wrongful conduct by Zeller. Plaintiffs fault this finding by citing cases that an employer may be liable for negligent supervision if it knew or should have known of improper conduct. See Whelan v. Albertson's, Inc., 129 Or. App. 501, 507 (1994). The County presented evidence that County officials attempted to assist plaintiffs in dealing with Keller. In opposing the County's summary judgment motion, however, plaintiffs rely solely on evidence relating to Keller's alleged lack of qualifications for the job of County Roadmaster, the County's failure to consider other applicants for the position, and the lack of any regular reviews of Keller's job performance. Plaintiffs did not present any evidence that the manner of Keller's hiring and/or the quality of Keller's performance reviews had any connection to Keller's alleged intentional misconduct towards plaintiffs. I agree with the magistrate judge's finding that this evidence was not relevant in creating a genuine issue of fact to support plaintiffs' negligent supervision claim.

On this record, I conclude the magistrate judge did not err in recommending summary judgment in favor of the County on this claim. Accordingly, I **adopt** the recommendation and **grant** summary judgment to defendant County.

**6.      Federal Claim  - Civil Rights -  42 U.S.C. § 1983.**

Plaintiffs allege the individual defendants deprived plaintiffs of their substantive due process and equal protection rights under the Fourteenth Amendment to the United States Constitution by filing the Keller affidavit.

a.  Due Process.

"To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected . . . property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).

Plaintiffs presented evidence that private developers were reluctant to work with them because of plaintiffs' problems with the County arising from the Keller affidavit. They allege they lost profitable contracts as a result.  The magistrate judge found plaintiffs' "bare allegation that they lost 'millions in anticipated profits' is not adequate to show a deprivation of a property or liberty interest" sufficient to support a substantive due process claim because the profits were a "mere expectancy" or "unilateral expectation" rather than a "legitimate claim of entitlement."  F&R at 22.   See Board of Regents v. Roth, 408 U.S. 564, 569, 577 (1972)("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake" that rises to the level of "a legitimate claim of entitlement.").

I agree.  At best, plaintiffs presented evidence only that they expected they would be able to contract profitably with certain developers but for the Keller affidavit.  They presented no evidence of contracts withdrawn or specific jobs cancelled by developers because of any conduct of any individual defendants.   Accordingly, they failed to create

a genuine issue of material fact that they were deprived of a property interest to which they had a "legitimate claim of entitlement."

    b. Equal Protection.

To state an equal protection claim, plaintiffs must prove they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). There can be no rational basis for state action "that is malicious, irrational, or plainly arbitrary." Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004), overruled on other grounds by Lingle v. Chevron U.S.A., Inc., 544 U.S. 528 (2005). To defeat summary judgment, a plaintiff may present evidence that the reason offered for the different treatment was merely a pretext, i.e., the proffered rational basis was "objectively false; or . . . the defendant actually acted based on an improper motive." Id. at 946.

The magistrate judge found plaintiffs have "not offered evidence to create a fact question that the individual defendants' stated reasons for filing the Keller affidavit [are] objectively false or that they had an improper purpose for its conduct." For the reasons stated above, I disagree with this finding because there is evidence from which a reasonable jury could find statements in Keller's affidavit were false. Nevertheless, to establish a prima facie case that the individual defendants denied plaintiffs their civil right to equal protection under the law, plaintiffs must present some evidence that they were treated differently than other similarly-situated road builders. There is none. To the contrary, the record reflects the Keller affidavit was generated based on a specific set of unique circumstances that were not germane to other road builders.

12 –   OPINION AND ORDER

On this record, I conclude the magistrate judge did not err in recommending summary judgment in favor of the individual defendants on this claim. Accordingly, I **adopt** the recommendation and **grant** summary judgment to the individual defendants.

## CONCLUSION

For all the reasons stated above, the court **adopts** the magistrate judge's Findings and Recommendation and **grants** defendants' Motion for Summary Judgment as to all plaintiffs' claim except the common law claims for Intentional Interference with Contract and Intentional Interference with Economic Advantage. The court **rejects** the magistrate judge's Findings and Recommendation as to those claims and **remands** them to Magistrate Judge Sullivan for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this   28th   day of April, 2009.


       /s/ James A. Redden
       James A. Redden
       United States District Judge