UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BRADLEY BARTLETT, an individual, and BARTLETT EXCAVATION LLC, and Oregon limited liability company, | CV 07-716-SU |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| CROOK COUNTY, OREGON, a political subdivision, PENNY KELLER, WILLIAM ZELENKA, SCOTT COOPER, and DAVID GORDON | |
| Defendants. | |

REDDEN, Judge:

Plaintiffs Bradley Bartlett and Bartlett Excavation LLC filed this action against Crook County, Oregon ("County"), and four County employees acting in their official capacities, alleging state law claims for Interference with Contract, Interference with Economic Advantage, Fraud, Negligent Supervision, and a federal civil rights claim under 42 U.S.C. § 1983 for

PAGE 1 – OPINION AND ORDER

Substantive Due Process and Equal Protection violations. On December 10, 2008, Magistrate Judge Sullivan issued a Findings and Recommendation (doc. 78) that Defendants' Motion for Summary Judgment be granted as to all claims. Plaintiffs timely filed objections. On April 28, 2009, I issued an Opinion and Order (doc. 90) adopting the Findings and Recommendation in part, and granting Defendants' motion for summary judgment as to Plaintiffs' fraud, negligent supervision, and Section 1983 due process and equal protection claims. However, I rejected and remanded the Findings and Recommendation as to Plaintiffs' claims for Intentional Interference with Contract and Intentional Interference with Economic Advantage. Plaintiffs now move for reconsideration (doc. 91) of affirmation of summary judgment as to their Equal Protection claim. For the reasons that follow, I DENY the motion.

Where, as here, a court order resolves fewer than all of the claims among the parties, Federal Rule of Civil Procedure 54(b) allows the district court to reconsider and modify the order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[1] Additionally, the Ninth Circuit has long recognized the district courts' inherent common-law authority to rescind or modify any interlocutory order as long as the court retains jurisdiction over the matter. Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 886-87 (9th Cir. 2001). Nevertheless, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)

---

[1] The heading of Plaintiffs' motion cites to "FRCP 72(b)(3)," which requires the district court to conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to." That process has already occurred in this case, and Rule 72(b)(3) does not provide for reconsideration of the district court's *de novo* review of the magistrate judge's findings and recommendation.

PAGE 2 – OPINION AND ORDER

(citation omitted). A motion for reconsideration may not be used to ask the court to rethink matters already decided, or to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation. Id.; Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Generally, reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Plaintiffs argue that the court's decision dismissing their Equal Protection claim runs afoul of the Ninth Circuit's decision in Lazy Y Ranch LTD v. Behrens, 546 F.3d 580 (9th Cir. 2008). As an initial matter, the Ninth Circuit decided Lazy Y in September 2008, nearly three months before Magistrate Judge Sullivan issued her Findings and Recommendation, and almost four months before Plaintiffs filed their objections in this court. As such, Lazy Y cannot properly be characterized as an intervening change in controlling law justifying reconsideration under Rule 54(b).

In any event, Lazy Y is factually distinguishable, and does not compel a different conclusion in this case. Unlike the present case, the plaintiffs in Lazy Y presented substantial evidence that they had, in fact, been treated differently than similarly-situated ranchers attempting to lease grazing lands from the State of Idaho. The Ninth Circuit found that Idaho Department of Land's rationale for the disparate treatment was arbitrary, and therefore found than the state employees violated the plaintiffs' right to equal protection. In contrast to the plaintiffs in Lazy Y, Plaintiffs in this case have presented no evidence that Defendants applied certain road-building requirements to Plaintiffs, but not to other similarly-situated builders.

PAGE 3 – OPINION AND ORDER

Plaintiffs' conclusory and unsupported allegations of disparate treatment are not sufficient to defeat a motion for summary judgment. Cf. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Because Plaintiffs failed to present evidence that Defendants did, in fact, treat them differently than other similarly-situated road builders, their Equal Protection claim fails.

Plaintiffs have not presented any newly-discovered evidence, any intervening change in controlling law, or demonstrated that the court committed clear error or that its previous decision was manifestly unjust. In addition, this case does not involve any of the highly unusual circumstances that traditionally warrant reconsideration of an interlocutory order. Plaintiffs are, in essence, asking the court to rethink matters already decided, but they provide no compelling reason for doing so. Accordingly, the Court DENIES Plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

DATED this  29th  day of May, 2009.

/s/ James A. Redden
James A. Redden
United States District Judge